HARDY SMITH v. STATE.

No. A-4620.    Opinion Filed June 7, 1924.
(226 Pac. 390.)

(Syllabus.)

Evidence—Accomplice—Corroboration Insufficient. Where the only testimony pointing to the guilt of the accused is the uncorroborated testimony of an accomplice, such testimony must in some manner be supported by independent evidence connecting the accused with the commission of the offense; and such corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

Appeal from District Court, Mayes County; A. C. Brewster, Judge.

Hardy Smith was convicted of murder, and he appeals. Reversed.

S. F. Parks and J. S. Davenport, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. By a verdict of a jury rendered September 28, 1922, plaintiff in error, Hardy Smith, in this opinion referred to as the defendant, was convicted of the murder of Mrs. Willie Adair, and his punishment fixed at imprisonment in the state penitentiary for the term of his natural life. It would serve no good purpose to recite the gruesome details of the murder of Mrs. Willie Adair at the hands of Elias Ridge, a 13 year old negro boy, charged jointly with this defendant with the murder of Mrs. Adair. Elias Ridge admitted the killing of Mrs. Adair, and testified that the defendant, his brother-in-law, hired him to kill her, and that for the commission of this murder he was to receive a pig from defendant.

The Attorney General has filed a confession of error in this case, in which he states that a reading of the record from beginning to end nowhere discloses any evidence whatever corroborating the accomplice Ridge; that the testimony of both the state and the defendant indicates that the defendant had nothing to do with the commission of this crime; that after he learned of the murder he and his family gave the suffering woman such aid as they were able to give; that defendant summoned a physician and notified the neighbors of the commission of the crime; also that he apprised the officers and others of what he knew about the tragedy, and told them that Elias Ridge was the perpetrator.

According to the testimony of Ridge, he and the defendant were in law accomplices. Ridge made several conflicting statements concerning the manner in which he committed the crime and his purpose in committing it. This court has carefully examined the testimony, and agrees with the Attorney General that there is no evidence of any kind or character corroborating the witness Ridge or connecting the defendant with the commission of the murder.

The confession of error of the Attorney General is well taken. It has been often held by this court that the uncorroborated testimony of a person convicted of a homicide or other offense must in some manner be supported by independent evidence connecting the accused with the commission of the offense, and that such corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

The judgment of the trial court is therefore reversed, and the cause ordered dismissed, unless newly discovered evidence is available tending to corroborate the testimony of the accomplice, in which event a new trial is ordered.

MATSON, P. J., and DOYLE, J., concur.